Mary K. EGAN

v.

Susanne WILLIAMS, Individually and/or in Her Capacity as Trustee of the Edward A. Baldwin Trust et al.

v.

Kevin P. GAVIN et al.

No. 97–33–Appeal.

Supreme Court of Rhode Island.

April 27, 1998.

Peter J. Comerford, Kevin P. Gavin, Providence, for Plaintiff.

Michael F. Horan, Joseph A. Lamagna, Pawtucket, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument April 13, 1998, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

### I

The defendant George M. Prescott (Prescott) has appealed from a judgment entered in the Superior Court dismissing his counterclaim against plaintiff Mary K. Egan and dismissing his third-party complaint against defendant attorneys Kevin P. Gavin, David J. Carroll, and Nadeau, Gavin & Simmons, P.C. Although the counterclaim and the third-party claim were dismissed under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, it was apparent that the trial justice dismissed these claims without prejudice since he determined that the claim for abuse of process brought by Prescott should have been an independent action rather than a counterclaim or a third-party claim. In our opinion Prescott's claim for abuse of process in response to an action brought by plaintiff for his alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, could properly have been brought as a counterclaim. However, we are also of the opinion that the trial justice was correct in dismissing the third-party claim against defendant attorneys.

Therefore, we vacate the dismissal of the counterclaim and affirm the dismissal of the third-party complaint under Rule 13(h) and Rule 14 of the Superior Court Rules of Civil Procedure. We also hold that the third-party complaint was dismissed without prejudice and could be brought as a separate action. The counterclaim may be determined in the course of a hearing of this case in its entirety on the merits.

### II

The defendants also appeal from a preliminary injunction entered by another justice of the Superior Court that not only enjoined defendants against foreclosing on a parcel of real estate owned by plaintiff but also ordered defendants to discharge the mortgage upon a payment by plaintiff of $40,729.31.

It is undisputed that plaintiff purchased this parcel of real estate located in Lincoln, Rhode Island, in 1972. She financed this purchase in part by a loan from Pawtucket Institute for Savings (Pawtucket). The loan was secured by a mortgage on the real estate in the amount of $23,000. In 1981 Pawtucket commenced foreclosure proceedings because of plaintiff's failure to have made payments as required by a promissory note that she had executed. The plaintiff's father, Edward A. Baldwin (a defendant in this case), prevented the foreclosure by paying off the note and mortgage held by Pawtucket and taking an assignment of both instruments from Pawtucket. During the hearing on a preliminary injunction, plaintiff acknowledged that her father had paid off the note and mortgage but denied knowledge that he had accepted an assignment of these instruments. It is undisputed that since that time no payments have been made on the note and mortgage. It is further undisputed that the father made payments for taxes and insurance on the property during the intervening years.

The plaintiff asserts that she discovered that her father held the note and mortgage in 1988 when she attempted to borrow money, using this property as security, in order to make repairs. She further contends that during that year she attempted to obtain a payoff figure from her father and his attorney in order that she might obtain alternative financing. She contended and the trial justice apparently found that this request was refused. In 1995 the mortgage was assigned to plaintiff's sister, Susanne Williams, in her capacity as trustee of the Edward A. Baldwin Trust. Subsequently plaintiff received a letter from Prescott as attorney for the trustee, demanding payment of $121,858 for amounts due on the mortgage including interest and also for payment of taxes and insurance on the property since the father had obtained an assignment of the mortgage in 1981.

The trial justice found as a matter of fact and held as a matter of law that the father was entitled to no further reimbursement for interest, taxes, or insurance after the refusal to disclose a payoff figure in 1988. He further ruled that plaintiff was entitled to rely on her father's implied promise not to foreclose the mortgage. He further found that plaintiff was induced by her father's conduct not to try to mortgage or sell her real estate so as to liquidate her indebtedness to him.

We are mindful that this case came before the trial justice only on a prayer for preliminary injunction. The hearing on preliminary injunction was not combined with a hearing on the merits in accordance with Rule 65(a)(2) of the Superior Court Rules of Civil Procedure. We are consequently of the opinion that the trial justice exceeded the scope of a hearing on a preliminary injunction in purporting to decide the amount that was due and owing under the note and mortgage and to declare that the father and the trustee were precluded from any reimbursement after the refusal to furnish a payoff figure in 1988. We have grave doubts concerning the correctness of the justice's determination that this refusal estops the trustee from recovering any amounts paid for taxes and insurance subsequent to 1988. In any event we need not review the correctness of that determination since we believe that such findings and holdings should be deferred to a hearing on the merits of plaintiff's complaint.

We affirm the trial justice's entry of a preliminary injunction enjoining the foreclosure of the mortgage until after a hearing on the merits should be held. The granting of a preliminary injunction in the ordinary course should simply preserve the status quo among the parties. The mandatory injunction to discharge the mortgage upon the basis of a payment fixed by the trial justice was in effect a determination of the merits of the case.

Consequently we affirm the granting of a preliminary injunction against foreclosure but vacate the mandatory injunction conditioned upon payment of $40,729.31. This holding is without prejudice to any factual or legal determinations that will be made by the trial justice in the course of a hearing on the merits. The papers in the case are remanded to the Superior Court.